UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS & REHABILIATIONS,<br>et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-1159 DB P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　　Plaintiff[1] is a state prisoner proceeding in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that prison officials have failed to grant her request for gender confirmation surgery. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2), motion for time waiver (ECF No. 8), request for stay (ECF No. 9), and her complaint for screening (ECF No. 1). For the reasons set forth below, the court will deny the motion to proceed in forma pauperis, motion for time waiver, and request for stay as moot and recommend that the complaint be dismissed for failure to exhaust administrative remedies.

////

////

---

[1] Plaintiff has identified herself as a transgender female (ECF No. 1 at 3), accordingly, where a pronoun is used to identify plaintiff, the pronouns "she" and "hers" will be used.

1

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) However, because the undersigned will recommend that this action be summarily dismissed for failing to exhaust administrative remedies it will deny the motion to proceed in forma pauperis as moot.

**SCREENING**

### I.   Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff states the events giving rise to the claim occurred while she was incarcerated at Mule Creek State Prison (MCSP). (ECF No. 1 at 1.) She has identified the following defendants: (1) the California Department of Corrections and Rehabilitation (CDCR); (2) MCSP; (3) the associate warden at MCSP; and (4) correctional counselor Mona. (Id. at 2.)

////

3

Plaintiff alleges that in October 2020 she filed a health care service request form seeking "transgender sex change[e] while at California Medical Facility [in] Vacaville." (Id. at 3.) Plaintiff was put on the waiting list in November 2020. However, plaintiff has not received a direct response and correctional counselor Mona has not responded. Plaintiff requested Mona's assistance in asserting the "right to live as a transgender female." Plaintiff argues she should not have to wait to get what she has a right to have. Plaintiff further alleges that prison officials have discriminated against her based on her gender identity.

Plaintiff requests a court date to so that she can fight to be allowed something she is constitutionally entitled to receive. (Id. at 6.)

### III.     The Complaint Must be Dismissed for Exhaust Administrative Remedies

Generally, "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court." Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); and Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); 42 U.S.C. § 1997e(a). The United States Supreme Court confirmed that district courts are bound by the Prison Litigation Reform Act's textual mandate requiring all inmates to exhaust administrative remedies before bringing an action in federal Court. See Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (refuting a "special circumstance" exception to the rule of exhaustion).

"Proper exhaustion demands compliance with an agency's . . . critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 90 (2006). Thus, "to properly exhaust administrative remedies, prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] rules that are defined . . . by the prison grievance system itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88.)

An inmate may appeal any "adverse policy, decision, action, condition, or omission by the Department" and must be submitted within 30 days of discovery. Cal. Code Regs. tit. 15, § 3482. As of June 1, 2020 administrative remedies available to CDCR inmates for violation of their constitutional rights consist of a grievance to the local or regional Institutional Office of Grievances and an appeal to the Office of Appeals. Cal. Code Regs. tit. 15, §§ 3483, 3485.

Where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

Here, it is clear from the face of plaintiff's complaint that she has not exhausted administrative remedies. (See ECF No. 1 at 3.) Plaintiff indicates that she has not presented her grievance to the highest level. She states that she assumes the grievance would be denied, so she has not submitted it for further review. However, exhaustion is required even if the relief sought is not available. Booth, 532 U.S. at 741 (requiring exhaustion where inmate sought monetary relief even though it was not available through the administrative process).

Additionally, exhausting administrative remedies while a suit is pending will not satisfy the exhaustion requirement. Under the PLRA inmates must exhaust administrative remedies before filing suit. 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) ("[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending."). Accordingly, the court will recommend that this action be dismissed for failure to exhaust administrative remedies.

## MOTION FOR TIME WAIVER AND REQUEST FOR STAY

After filing the complaint, plaintiff filed two motions seeking to have this case be stayed or postponed until January 1, 2022. (ECF Nos. 8, 9.) The bulk of plaintiff's first motion (ECF No. 8 at 2-6), relates to allegations brought in Miller v. S. Alameda, No. 2:21-cv-0653 (E.D. Cal.) regarding her allegation that prison officials have withheld a prescribed dietary supplement. The court will disregard these allegations as they do not relate to the allegations in the underlying

claim. Plaintiff's second request indicates that she would like to clarify that she wanted to postpone her cases because she has a case that is active in the United States District Court for the Central District of California. (ECF No. 9.) She further indicates that she has asked the Central District to expedite her case so she can proceed with her other cases. Because the court will recommend that this action be dismissed, it will deny plaintiff's motions as moot.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied as moot.
2. Plaintiff's motion for time waiver (ECF No. 8) is denied as moot.
3. Plaintiff's request (ECF No. 9) is denied as moot.
4. The Clerk of the Court is directed to assign a district judge to this case.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with the findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 20, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/mill1159.scrnfr